**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES, | : | |
| | : | |
| Plaintiff, | : | Crim. No. 08-0891 (DRD) |
| | : | |
| v. | : | **O P I N I O N** |
| | : | |
| BARRY SUSSMAN, | : | |
| | : | |
| Defendant. | : | |

Barry Sussman
64 Ettrick Ter., A-2
Rutherford, NJ  07070
 *Defendant/Movant, Pro Se*

Paul J. Fishman
United States Attorney
District of New Jersey
By: Deborah J. Gannett
  Assistant U.S. Attorney
  970 Broad Street, Suite 700
  Newark, NJ  07102
  *Attorneys for United States*

**Debevoise, Senior U.S. District Judge**

Defendant *pro se*, Barry Sussman, moves for early termination of his supervised release pursuant to Fed. R. Crim. P. 32-1(c) and 18 U.S.C. § 3583(e)(1).  For the reasons set forth below, the motion will be denied.

## BACKGROUND

In May 2009 Defendant was indicted for theft of government property and obstruction of justice in violation of 18 U.S.C. § 641 and § 2 and § 1503(a) and § 2.  At trial the evidence

1

established that Defendant knowingly stole and converted to his own use property of the United States, namely, approximately 314 $20 gold coins and about 55 gold coins with an estimated market value of $335,000. Defendant stole these items in an attempt to remove them from the reach of the Federal Trade Commission. Defendant was also convicted of directly violating the Final Order and preliminary injunction issued by the District Court in <u>Federal Trade Commission v. Check Investors, Inc., Et al.</u>, Civil No. 03-2115 (JMB), which had been entered on July 18, 2005.

Defendant was subsequently sentenced to a custodial term of 41 months to be followed by three years of supervised release. Defendant completed his custodial term and began his term of supervised release on October 20, 2012. He states that United States Probation Officer Patrick Hattersley had supervisory responsibilities for Defendant for almost all of his time on supervision. At the time he filed his motion, Defendant had served in excess of two years of his three year supervisory term. His supervised release is scheduled to conclude on October 20, 2015.

18 U.S.C. § 3583(e)(1) provides that the Court has the authority to grant early termination of supervised release at any time after the expiration of one year of supervised release if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice. The § 3553(a) factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed--
>     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     (B) to afford adequate deterrence to criminal conduct;
>     (C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for--
(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--(i) issued by the Sentencing Commission . . . ; and that . . . are in effect on the date the defendant is sentenced; or
(B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission . . . ;

(5) any pertinent policy statement--(A) issued by the Sentencing Commission . . . (B) that . . . is in effect on the date the defendant is sentenced.

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

Defendant notes the current trend to reduce the length of sentences and supervisory release terms to release persons who will inflict no further harm on the public and to reduce the costs imposed on the government that confinement and supervision entail.  Defendant emphasizes that he has completed more than 24 months of his supervised release and has performed in an exemplary manner during that period, paying his fines, not engaging in any conduct related to his offense, and cooperating with the Probation Office in every way requested of him.

Defendant asserts that he has made a positive contribution to society, working continuously since his release and assisting in the support of two children in college.  Moreover, Defendant contends that pursuit of his present business position would assisted by termination of supervised release.  He has secured employment as a marketing director that allows him to fully

3

utilize his marketing skills.  He seeks to take full advantage of the opportunity and develop new relationships for this business.  He expects to meet with prospective clients, participate in trade show events and meet with industry groups, which will allow him to network at events outside the New York/New Jersey area.  The travel restrictions of the supervised release would seriously hinder these possibilities.

Further, Defendant is a law school graduate who successfully sat for the New York and New Jersey bars.  He contends that continuation of his supervised release would hinder his ultimate admission to the bar.

The Court concludes that none of these reasons support early termination of supervised release.  The penalty was imposed after a careful review of the sentencing factors.  These factors include a provision for supervised release that affects not only the particular defendant, but also has an effect upon persons in a like position who might be tempted to commit similar crimes.  In view of Defendant's skills and the nature of his crimes, it was important to keep track of his travel plans during his supervised release.

There is no compelling reason to terminate Defendant's period of supervised release.  He has not met his burden of demonstrating that the Court should take such action.  The Probation Department will surely consider his legitimate business needs and give permission to travel if that seems appropriate.  As for admission to the bar, that will undoubtedly be a long and difficult process, whether or not Defendant's supervised release is terminated.

The person having the most intensive association with Defendant since his commencement of supervised release is his probation officer, Patrick J. Hattersley.  At the Court's request, Probation Officer Hattersley reviewed the § 3553(a) factors and commented upon their applicability to Defendant's motion.  He stated that with the exception of one minor

4

prescription drug offense, which was not repeated, Defendant remained fully compliant with the conditions of supervised release.

Probation Officer Hattersley nevertheless was of the opinion that Defendant's request fails certain of the § 3553(a) factors.  He noted that Defendant's offense of conviction involved a scheme in which Defendant falsely threatened the victims with arrest and prosecution unless they paid money that the consumers did not owe.  Defendant is on supervised release for his third federal conviction.  He previously absconded from supervised release, and in each offense he used deceptive behavior to victimize unsuspecting consumers and businesses.

The Probation Office noted several circumstances that also weighed on the § 3553(a) factors.  First, at the outset of supervision, Defendant was employed by Progressive Media Inc. where he was supervised by Ara Boyadjian.  At an earlier time, Defendant was employed by G&L Financial Services, Inc., where his supervisor was Jack Boyadjian.  Civil complaints were filed against that company and the Boyadjians for violation of the fair credit act.  Recently, Defendant served in a position with United Credit Specialists (UCS).  The Probation Officer's investigation disclosed numerous civil complaints of violation of the fair credit act against Defendant's employers and associated businesses.

This Court does not conclude that termination is warranted and in the interest of justice. Defendant's motion will be denied and the Court will enter an appropriate order.

        s/Dickinson R. Debevoise
        DICKINSON R. DEBEVOISE
        U.S.S.D.J.

Dated:  January 8, 2015