<u>**NOT FOR PUBLICATION**</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES, | : | |
| Plaintiff, | : | Crim. No. 08-0891 (DRD) |
| v. | : | **OPINION** |
| BARRY SUSSMAN, | : | |
| Defendant. | : | |

Barry Sussman
64 Ettrick Ter., A-2
Rutherford, NJ  07070
    *Defendant/Movant, Pro Se*

Paul J. Fishman
United States Attorney
District of New Jersey
By:    Deborah J. Gannett
        Assistant U.S. Attorney
        970 Broad Street, Suite 700
        Newark, NJ  07102
        *Attorneys for United States*

**Debevoise, Senior U.S. District Judge**

On January 8, 2015, the Court denied Defendant Barry Sussman's motion for early termination of his supervised release pursuant to Fed. R. Crim. P. 32-1(c) and 18 U.S.C. § 3583(e)(1). Defendant now moves for reconsideration of denial of his motion. The Government opposes the motion for reconsideration. The motion for reconsideration will be denied.

L. Civ. R. 7.1(i) provides for reconsideration upon a showing that dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision.

Reconsideration is an extraordinary remedy and granted sparingly.  The three principal grounds for relief are (1) an intervening change in controlling law has occurred; (2) evidence not previously availably has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice.  The motion can succeed only if the overlooked matters might reasonably have resulted in a different conclusion by the court.  Defendant advances no change in controlling law nor evidence not previously available that has become available.  He must be relying on a clear error of law or prevention of manifest injustice argument.

Defendant's brief dwells extensively upon the policy recommendation of the Judicial Conference Committee on Criminal Law to release non-violent defendants to further their reentry into society and to reduce the financial and other burdens on society that extended imprisonment or extended supervised release entails.  This argument was advanced in the original motion and rejected by this Court as a basis for early release from supervision in the circumstances of this case.  It is not an appropriate subject for renewed argument.

Defendant takes issue with certain of the details concerning his employment and associations during the period of supervised release.  These details, as noted in the Court's Opinion, were derived from Defendant's supervisory Probation Officer, whose opinion concerning Defendant's original motion the Court sought.  It may be, as Defendant states, that some of these details set forth by the Probation Officer were inaccurate.  If so, that would have had no effect upon the Court's ultimate decision.  The Court sought only an overall reaction to the motion for early termination of supervised release from the person who was most familiar with Defendant's use of the supervised time and his general behavior.

It was the judgment of the Court that reducing Defendant's period of supervised release by eliminating its few remaining months would have no significant public benefit and would detract

from the objective that the supervised release was designed to further when it was originally imposed.

The Court will file an order denying the pending motion.

  s/Dickinson R. Debevoise
**DICKINSON R. DEBEVOISE**
**U.S.S.D.J.**

Dated: March 17, 2015